THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HARRY EDSALL, Also Known as HENRY EDSALL, Defendant.

County Court, Kings County, May 26, 1939.

*William F. X. Geoghan, District Attorney [Henry J. F. Davey, Assistant District Attorney],* for the motion.

FITZGERALD, J. The defendant, on June 14, 1934, was indicted for attempted burglary, third degree (Indictment No. 10572).

Subsequently, on or about June 20, 1934, defendant was duly committed to the observation ward of the Kings County Hospital and was there under the personal observation of two qualified examiners of lunacy, who reported, on August 21, 1934, that the defendant was suffering from "Alcoholic Psychosis, Alcoholic Deterioration, Hallucinatory Type. * * * that the character of the mental disorder * * * is such that he, at present, requires care and treatment in a hospital for the insane."

Thereupon, and on August 24, 1934, an order was duly entered herein directing that the defendant, pursuant to the provisions of section 836█ of the Code of Criminal Procedure, be committed to the Matteawan State Hospital for the Criminal Insane until he shall become sane, when he shall be returned to the court for disposition of the indictment pending against him.

The defendant was received in said institution pursuant to said order and is still there.

It appears from the moving papers herein that in the opinion of the superintendent of said institution the defendant is suffering with a psychosis with a psychopathic type of personality, paranoid state, a chronic form of mental illness in which recovery is not to be expected and deterioration may occur; that the prognosis for mental restoration to the extent of being able to stand trial on his indictment is decidedly unfavorable and hospitalization will unquestionably be required for an indefinite period.

The district attorney moves, in furtherance of justice, for the dismissal of the indictment, pursuant to section 671 of the Code of Criminal Procedure.

The application, however, is conditioned upon the court directing the superintendent of the Matteawan State Hospital to discharge the defendant from that institution and transfer him to the custody of the officer in charge of the United States Veterans Facility at Northport, Long Island, N. Y.

The application of the district attorney is predicated upon a report from the superintendent of the Matteawan State Hospital to the effect that the defendant is a veteran of the World war; that he is entitled to hospitalization by the Federal government;

that his relatives and the officials in whose charge he has been since his commitment are all of the belief that the facilities available at Northport are much more satisfactory for the care and treatment of the defendant than those he now enjoys. It also appears that the Federal authorities are prepared to accept defendant for treatment at the Northport institution.

The affidavits submitted hereon justify the conclusion that it would be to the advantage of the defendant if he were transferred to the Northport institution.

This court, however, has limited jurisdiction. Its powers are regulated by statute. It has no inherent authority to commit individuals who are mental defectives. It may only do so in conformity with the law. The defendant is now confined in the Matteawan State Hospital under an order of this court made pursuant to statute. The order provides, as required by law, the conditions under which defendant shall be discharged. If released he must be returned to this court to be dealt with under the indictment. Under section 671 of the Code of Criminal Procedure, " The court may, either of its own motion, or upon the application of the district attorney, and in furtherance of justice, order an action, after an indictment, to be dismissed. In such a case a written statement of the reasons therefor shall be made by the court and filed as a public record." No authority is given to the court to direct the defendant's release from the institution where now confined, nor is any power given to the court to direct the transfer of the defendant to the custody of any person or institution other than the institution in which he is now confined.

It is neither desired nor requested that the defendant be discharged from custody except upon the conditions herein set forth. The court being without power to order the change of custody requested, the application is denied.